PER CURIAM.
Appellant, Carlton Palms Hotel, Inc. (“Carlton Palms”) signed a contract for mortgage brokerage services with appellee, Fidelity Trust, Inc. (“Fidelity”). The day the contract was signed, Fidelity delivered a mortgage loan commitment to Carlton Palms, which ultimately never closed the loan. Fidelity sued for its fee, and subsequently moved for summary judgment. Carlton Palms appeals from the order granting summary judgment and ordering a payment of a $16,500 fee. We reverse.
In its Amended Answer, Carlton Palms raised as an affirmative defense that it was not required to pay a fee because the contract lacked an item required by law and thus, under section 494.00421, Florida Statutes, Fidelity could only collect a fee if the loan was funded. The statute states, in pertinent part:
494.00421 Fees earned upon obtaining a bona fide commitment. Notwithstanding the provisions of ss. 494.001-494.0077, any mortgage brokerage business which contracts to receive from a borrower a mortgage brokerage fee upon obtaining a bona fide commitment shall accurately disclose in the mortgage brokerage agreement:
[[Image here]]
(4) The estimated net proceeds to be paid directly to the borrower. “Estimated net proceeds” means the cash to be received by the borrower after payment of any fees, charges, debts, liens, or encumbrances to perfect the lien of the new mortgage and establish the agreed-upon priority of the new mortgage.
[[Image here]]
(7)(a) The following statement, in no less than 12-point boldface type immediately above the signature lines for the borrowers:
“You are entering into a contract with a mortgage brokerage business to obtain a bona fide mortgage loan commitment under the same terms and conditions as stated hereinabove or in a separate executed good faith estimate form. If the mortgage brokerage business obtains a bona fide commitment under the same terms and conditions, you will be obligated to pay the mortgage brokerage business fees, including, but not limited to, a mortgage brokerage fee, even if you choose not to complete the loan transaction. If the provisions of s. 494.00421, Florida Statutes, are not met, the mortgage brokerage fee can only be earned upon the funding of the mortgage loan....
Carlton Palms asserts that the information required by subsection (4) was not provided, and that subsection (7) requires the loan to be funded if the requirements of section 494.00421 are not met. Thus, Carlton Palms argues, there was an unresolved issue of material fact remaining, thus making summary judgment improper. We agree.
In replying to Carlton Palms’ Requests for Admission, Fidelity denied that the language required by subsection (4) was missing; in replying to interrogatories, however, Fidelity seemed to admit that the information was not present, but that the defect was attributable to Carlton Palms’ own actions. The statute requires that disclosure, and prohibits the broker from charging a fee when that disclosure is not made, unless the loan is funded.
Thus, it does appear that there was either a disputed issue of material fact concerning whether the estimated net proceeds were not set out in the mortgage brokerage contract, or an admission by Fidelity that they were not. In either event, summary judgment was improper, and we therefore reverse and *360 remand for further proceedings consistent with this opinion. In so ruling, we need not address the issue of whether Fidelity was properly licensed at the time of the transaction.
MINER, WOLF and PADOVANO, JJ., CONCUR.